IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER P. WHITMAN | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This action is brought by the United States of America to obtain a monetary judgment for Defendant Roger Whitman's unpaid federal income tax liabilities for 2002–2009 in the amount of $3,130,303.27 as of January 6, 2023.

2. This action is authorized and requested by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States. 26 U.S.C. § 7401.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C § 7402(a).

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities at issue accrued in this district and because the Defendant resides in Ormond Beach, FL, located in Volusia County.

**Defendant**

5.      Roger Whitman is named as a defendant in this action as the taxpayer against whom the United States seeks a judgment for unpaid federal income tax liabilities for 2002–2009 in the amount of $3,130,303.27 as of January 6, 2023.

**Suit to Reduce to Judgment**

6.      For each of 2002–2009, Mr. Whitman was required to file a Form 1040, U.S. Individual Income Tax Return, but failed to do so.

7.      In fact, Mr. Whitman has not filed a tax return since 1999, when he was subsequently audited by the IRS.

8.      During each of those years, he manufactured and sold a non-FDA approved device called the BCX Ultra Rife Machine.

9.      Mr. Whitman concealed income through the use of alter egos and nominees.  These included sham trusts and LLCs, as well as bank accounts opened in the names of other people.

10.     Despite being served with a summons, Mr. Whitman initially failed to appear for an interview with the IRS during its examination of his tax returns. The United States was forced to seek judicial enforcement of the summons. Then, when he did appear for an interview in 2010, Mr. Whitman invoked his right against self-incrimination in response to all questions related to his finances and sources of income.

11. The Internal Revenue Service determined Mr. Whitman's tax liability in accordance with its notice of deficiency procedures, including a bank deposit analysis.

12. After sending notice of the income tax deficiency and upon expiration of the time within which Mr. Whitman could seek redetermination in the United States Tax Court, a delegate of the Secretary of the Treasury assessed against Mr. Whitman the income tax, penalties, and interest set out in the following table. The balance due for each tax year is shown as of January 6, 2023.

| Tax Period | Dates of Assessment | Assessed Tax | Assessed Penalties | Assessed Interest | Balance Due |
|---|---|---|---|---|---|
| 2002 | 10/01/2012 | $174,863.00 | $43,715.75 (failure to pay) $126,775.68 (fraudulent failure to file) $5,843.53 (failure to prepay) | $192,282.50 | $678,145.28 |
|  | 10/17/2016 |  |  | $73,163.02 |  |
| 2003 | 10/01/2012 | $120,469.00 | $30,117.25 (failure to pay) $87,340.03 (fraudulent failure to file) $3,108.24 (failure to prepay) | $117,468.26 | $531,342.99 |
|  | 10/17/2016 |  |  | $48,453.95 |  |

| Tax Period | Dates of Assessment | Assessed Tax | Assessed Penalties | Assessed Interest | Balance Due |
|---|---|---|---|---|---|
| 2004 | 10/01/2012 | $97,671.00 | $24,417.75 (failure to pay) $70,811.47 (fraudulent failure to file) $2,798.96 (failure to prepay) | $82,929.63 | $412,960.47 |
| | 10/17/2016 | | | $37,658.48 | |
| 2005 | 10/01/2012 | $198,055.00 | $49,513.75 (failure to pay) $143,589.88 (fraudulent failure to file) $7,944.30 (failure to prepay) | $135,892.38 | $792,925.51 |
| | 10/17/2023 | | | $72,308.03 | |
| 2006 | 10/01/2012 | $103,946.00 | $25,986.50 (failure to pay) $75,360.85 (fraudulent failure to file) $4,919.13 (failure to prepay) | $52,535.92 | $389,423.84 |
| | 10/17/2006 | | | $35,512.14 | |
| 2007 | 10/01/2012 | $59,774.00 | $14,943.50 (failure to pay) $43,336.18 (fraudulent failure to file) $2,720.48 (failure to prepay) | $20,349.83 | $209,162.18 |
| | 10/17/2016 | | | $19,073.80 | |

4

| Tax Period | Dates of Assessment | Assessed Tax | Assessed Penalties | Assessed Interest | Balance Due |
|---|---|---|---|---|---|
| 2008 | 10/01/2012 | $19,323.00 | $4,057.83 (failure to pay) $14,009.18 (fraudulent failure to file) $620.98 (failure to prepay) | $4,477.49 | $63,981.97 |
|  | 10/17/2016 |  | $772.91 (failure to pay) | $5,742.57 |  |
| 2009 | 10/01/2012 | $16,893.00 | $2,473.95 (failure to pay) $11,957.43 (fraudulent failure to file) $394.88 (failure to prepay) | $2,556.37 | $52,361.03 |
|  | 10/17/2016 |  | $1,649.29 (failure to pay) | $4,578.51 |  |

13. A delegate of the Secretary of the Treasury, in accordance with the Internal Revenue laws, gave written notice to Mr. Whitman of the assessments described in paragraph 12 and demanded payment.

14. On March 1, 2013, Mr. Whitman requested a collection due process hearing concerning a notice of federal tax lien to be filed for his 2002–2009 income tax liabilities. It was rejected as frivolous.

15. On March 25, 2013, Mr. Whitman made a second request for a collection due process hearing concerning a notice of federal tax lien to be filed for his 2002–2009 income tax liabilities.

16. On September 11, 2013, the IRS Office of Appeals rejected Mr. Whitman's collection due process request and sustained the issuance of the notice of federal tax lien. Mr. Whitman did not petition the Tax Court for review of that determination.

17. Despite the notices of assessment and demand for payment, Mr. Whitman has refused or neglected to pay all of the assessed tax liabilities, or the interest and penalties that have accrued. As of January 6, 2023, Mr. Whitman owes the United States the sum of $3,130,303.27 plus fees and statutory additions on them as provided by law.

18. Federal law governs the limitations period during which the government may assess and collect federal taxes. *See* 26 U.S.C. § 6502(a). This action is timely.

WHEREFORE, the United States of America requests that this Court:

a) determine and adjudge that defendant Roger Whitman is indebted to the United States in the total amount of $3,130,303.27, plus fees and statutory additions on them as provided by law from January 6, 2023;

b) determine, adjudge and decree that federal tax liens against Roger Whitman for his unpaid federal income taxes for 2002 through 2009 are valid and enforceable under § 7403 of the Internal Revenue Code;

      c)    grant such other and further relief as is just and proper, including costs of this action.

Dated: April 11, 2023

| Of Counsel: | Respectfully submitted, |
|---|---|
| | DAVID A. HUBBERT<br>Deputy Assistant Attorney General |
| | */s/ Chase A. Burrell*<br>CHASE A. BURRELL<br>Trial Attorney<br>Tax Division<br>U.S. Department of Justice<br>P.O. Box 14198<br>Washington, D.C. 20044<br>202-307-0513 (t)<br>202-514-4963 (f)<br>Chase.Burrell@usdoj.gov |
| | *Of Counsel*<br>Roger B. Handberg<br>United States Attorney for the Middle District of Florida |

## CERTIFICATE OF COMPLIANCE

I certify that this Complaint was typed in 14-point Times New Roman font in compliance with Local Rule 1.08(b).

<em>/s Chase A. Burrell</em><br>
Chase A. Burrell<br>
Trial Attorney, Tax Division<br>
U.S. Department of Justice